McDONALD, Justice.
The Florida Bar has petitioned this Court to amend Article XVI, Part II, of the Integration Rule which deals with the unauthorized practice of law. In support of its petition, The Florida Bar urges that the revision will add more clarity and specificity to the duties of those charged with investigating and preventing the unauthorized practice of law and that the revision will result in less delay in preventing unauthorized practice of law.
We are ever mindful that it is the public’s interest and not the personal interests of the members of the legal profession which is paramount. There is a potential for harm to the public whenever unqualified persons attempt to practice law and, because of this potential, the prevention of unauthorized practice should be promptly and carefully effected. The proposed changes improve the mechanics to achieve this goal, and the public’s interest is furthered by the changes.
Effective with the filing of this opinion, Article XVI, Part II of the Integration Rule of The Florida Bar is amended as follows:[1]
II. Investigation
A. The Florida Bar, as an official arm of this Court, is charged with the duty of considering, investigating, and seeking the prohibition of matters pertaining to the unauthorized practice of law and the prosecution of alleged offenders. The Board of Governors of The Florida Bar shall establish not less than one (1) Unauthorized Practice of Law Committee in each judicial circuit. The Board of Governors of The Florida Bar shall establish a Standing Committee on Unauthorized Practice of Law of The Florida Bar, which shall supervise and be responsible for each of-the circuit committees consisting of not less than fifteen (151 members which shall include not less than three (3) lav persons. The Standing Committee shall be responsible for each of the circuit committees. The circuit-committees shall receive complaints and conduct investigations of reported unauthorized practice-of — lawr
1. The circuit committees shall conduct investigations of unauthorized practice of law.
2. L Each circuit committee shall be appointed by the Board of Governors and shall consist of not less than three members of The Florida Bar.
3. 2. The terms of the members of circuit committees shall begin on the first day of July and shall end on the next succeeding thirtieth day of June or until such time as their successors are appointed and qualified. The expiration of the term of any member shall not disqualify such member from concluding any investigations pending before him.
4. 3t There shall be a chairman designated by the Board of Governors and a vice chairman and secretary designated by the chairman of each circuit committee.
5. 4 Any member may be removed from his office by the Board of Governors.
6. 5= A majority of a circuit committee; but not less than three members; shall constitute a quorum. All matters requiring- a vote of a circuit committee shall be derided *952 by an affirmative vote of a majority of a quorum-of-the committee.
7. It shall be the duty of each circuit committee to investigate, with dispatch, all reports of unauthorized practice of law and to make prompt written report of its investigation and findings to the Standing Committee on Unauthorized Practice of Law.
B. It shall be the duty-of each circuit committee to investigate, with dispatch, all reports of unauthorized practice of law, and to make-prompt written report of its investigation and findings to the-Standing-Gem-mittee on Unauthorized Practice of Law. It shall be the duty of the Standing Committee to receive and evaluate circuit committee reports and make its findings and recommendations to the Board of Governors. The Board of Governors shall act upon said reports, findings and recommendations and determine whether or not litigation should be instituted against any alleged offender. The Board of Governors may approve civil injunctive proceedings, indirect criminal contempt proceedings, or a combination of both pursuant to the provisions of this article, and such other relief as mav be appropriate.
1. The duties of the Standing Committee shall include, but not be limited to. the following:
a. The consideration and investigation of activities which may, or do. constitute the unauthorized practice of law:
b. The supervision of the several circuit committees on unauthorized practice of law which shall include, but not be limited to:
(i) Prescribe rules of procedure for circuit committees:
Ini Assign reports of unauthorized practice of law for investigation;
(in) Reassign, or withdraw, matters previously assigned and exercise final authority to close cases:
(iv) Join with a circuit committee in a particular investigation:
(v) Assign staff investigators and staff counsel to conduct investigations on behalf of or in concert with the circuit committees: and
(vi)Suspend circuit committee members and chairmen for cause, and appoint a temporary circuit committee chairman where there has been a suspension, resignation or removal, pending the appointment of a permanent chairman by the Board of Governors.
c. The reporting of recommendations to the Board of Governors when litigation should be instituted in order to prevent the unauthorized practice of law:
d. The initiation and supervision of litigation authorized by the Board of Governors. including the power to delegate re-sponsibilitv to staff counsel or an assistant staff counsel to prosecute such litigation:
e. The issuance of advisory opinions, including informal advisory opinions bv authorized staff counsel, as to whether a particular activity constitutes the unauthorized practice of law as provided in Article XI of the Integration Rule: and
f. The giving of advice regarding unauthorized practice of law policy to the officers. Board of Governors, staff, sections, or committees of The Florida Bar as requested.
2. U Upon receiving a written application of the president of The Florida Bar, or the chairman of the Standing Committee on Unauthorized Practice of Law, or of a circuit unauthorized practice committee alleging facts indicating that a person, firm or corporation or entity is or may be unlawfully practicing law and that the issuance of a subpoena is necessary for the investigation of such unauthorized practice, the clerk of the circuit court in which the committee is located or the clerk of the Supreme Court of Florida shall issue subpoenas in the name, respectively, or the chief judge of the circuit or the Chief Justice for the attendance of any person and production of books and records before the investigating circuit committee or any member thereof designated in such application at the time and place within its circuit designated by the investigating circuit committee. Such subpoenas shall be returnable to the circuit court of *953 the residence or place of business of the person subpoenaed. A like subpoena shall issue upon application by any personr4imi or-corporatien or entity under investigation.
3. 2r. Failure to comply with any subpoena shall constitute a contempt of court the Supreme Court of Florida and may be punished by the Supreme Court it or by the circuit court of the circuit to which the subpoena is returnable or where the con-temner may be found. The circuit court courts to which the subpoena is subpoenas are returnable shall have power to enter such protective orders as may be necessary for the enforcement of the subpoena said subpoenas.
4. 3r Each circuit committee or member thereof conducting investigations is empowered to take and have transcribed the testimony and evidence of witnesses who may be sworn by any person authorized by law to administer oaths.
5. The Board of Governors shall employ one or more assistant staff counsel and other necessary employees including investigators to assist the Standing Committee on Unauthorized Practice of Law to carry out the responsibilities of the Standing Committee as prescribed herein.
C. All unauthorized practice of law investigation matters including files, correspondence. preliminary investigation reports. interoffice memoranda, and records of investigations are under the supervision of the Supreme Court and are subject to such public inspection as the Court shall direct.
It is so ordered.
SUNDBERG, C. J., and ADKINS, BOYD, OVERTON, ENGLAND and ALDERMAN, JJ., concur.

. Parts I and III of Article XVI are unchanged.